Mr. Alden Good morning, Your Honors, and may it please the court. Holt Ortiz Alden on behalf of Mr. Diaz-Gonzalez I would like to reserve two minutes and I will watch my time When the government wants to arrest someone it does But here when prosecutors worried that repeated delays had violated Mr. Diaz-Gonzalez's speedy trial rights They looked for cover rather than taking action and the cover they found was never acceptable COVID did not stop the government from notifying Mr. Diaz-Gonzalez of the indictment and a county sheriff cannot refuse to comply with a federal writ Even after the state case ended when the government should have been on the highest alert to ensure that there were no further delays It concedes that the prosecutors fell asleep at the wheel Taking four years to prosecute someone whose location has been known the entire time is inexcusable This court should reverse and order the indictment dismissed Can you tell me your view about the length of delay that's attributable to the Fault of the government. Let's not talk about whether it was intentional or negligence What's how long there seems to be some dispute? Between you and the government and you and the district court about how long delay the delay Attributable to the government is what's your view? Yes, your honor The total length of the delay as this court has repeatedly held is from indictment to trial in this case That delay is 49 months, right? that's that's the that's the measuring period but the district court said well some of it was not attributable to the government because Local officials wouldn't honor the writ or because there was a pandemic going on So I'm trying to figure out whether whether those are things that might reduce the amount of time No, your honor because the government hasn't Justified those delays for either of those two periods and so the only period that is even Arguably in our position is that the only period that was arguably caused by mr Gonzalez is the three months between the initial trial date and well, but it doesn't have to be kids I'm asking the question. It doesn't have to be caused by him The government might have a good excuse in this case they went three times to a federal judge to get a writ to Produce your client and for some inexplicable reason the local authorities wouldn't honor the first two writs Is that the fault of the government it is your honor the government? this court has held in the Myers case that a State proceeding that's running concurrent is not on its own a justified delay. And so here the government Was negligent in in in providing the writ to the Santa Barbara County Sheriff's and in actually enforcing the writ so when they initially knew that he had been arrested and was detained in September of 2021 it took them three three months to actually get a writ and send it to the county sheriff's at that point They had sent it via that point They ran into the bureaucracy of the of the county which said well you know You handed it to the wrong person and then the next time they handed it to someone and they said well It must go to someone else I'm trying to figure out what it's the government supposed to arrest the sheriff at that point or just keep Going back with a new written saying please honor it your honor The government should have asked that they honor it and here when they finally got a response Nine months after sending emails to the wrong person at the county They took no further action when the county said that mr. Diaz Gonzalez was not eligible for release And so what specifically are you saying the government should have done at that point? They should have told the county sheriff's that this is a federal court order that they are required to Comply with and there is case law from this court and from the Supreme Court Explaining that of course a federal court order must be complied with by any state authorities That's the supremacy clause so had a prosecutor actually been involved and Taken the simple step of contacting the sheriff's or the sheriff's Representation Themselves it would have they would have cleared that up and been able to transfer him right away There was no basis for the state to decline this writ So the district court found that the government made reasonable efforts here. What what standard of review do we apply to that finding? Yes, your honor the standard for our position is that the standard of review is de novo if as to whether the government was reasonably Diligent and that's based on u.s Bank National Association Supreme Court case that says when there's a mixed question of fact in law on a constitutional claim Review is generally de novo. I mean there are a lot of sort of subsidiary factual questions I mean that we've just been discussing here about you know what would have happened if they had gone back to the right person of the county and like what would the county have done and Don't we surely we have some deference to the district courts, you know implicit assessment of those questions, don't we? Your honor as to historical facts when the emails were sent what the responses were things like that Yes, those are reviewed for clear error. Our position here though is that whether the government was diligent Throughout these time periods is reviewed de novo But how do we have we reviewed that precise question with deference to the district court? I understand you you say mixed questions of law and fact are reviewed de novo But in reviewing the precise question of diligence, don't we have cases that say we do that with deference? Yes, your honor US Bank the Supreme Court case that we're citing to post dates those cases But but it's not it's not a case about whether or not there was diligence in Executing a warrant. For example, we've had cake. We've had speedy trial cases in which we've considered diligence in which we've said We do this with deference and you think US Bank overruled those. Yes to the extent that those are read as as The negligence inquiry for clear error. Yes, but regardless even if it's reviewed for clear error in this case The district court did commit clear error. I ask you one question about your prejudice argument And I don't want to I don't want to make fun of it, but I want to ask it this way It seems to me your prejudice argument is that had he been arrested and tried immediately He would have been in jail and couldn't have committed the second crime Isn't that essentially the argument? No, your honor, and I have two points on that The first is that because of the length of the delay that's attributed to the government. We don't need to show actual prejudice I understand. Let's assume you have here the the government so There are two He committed another crime after this one this and say and you're saying well It wouldn't have been available for sentencing enhancement Because why he would have been convicted before this and in jail and unable to commit the crime He would have pleaded guilty immediately I'm having trouble understanding the temporal argument this court has held that or explained that sentencing prejudice is cognizable I don't think prejudice is cognizable I'm still trying to figure out why it was that this other crime would not have been available at his Sentencing even had it been much earlier since it occurred within less than a year After the time that he was arrested I'm Originally charged it actually occurred approximately 18 months after 18 I'm sorry a year in it less than two years. And so you're what you're basically saying is he couldn't have committed this second crime Within that 18 months and have it be available for sentencing because had he been arrested right away He surely would have been incarcerated and not be able to commit the second crime No, your honor here it impacted a sentence But it also impacted the government's delays also impacted his right to counsel And so at any point prior to his actual conviction, which was in November of 2022 Years after the initial indictment at any point had they actually notified him of The charges of the indictment as this court required in Mendoza had they actually taken? the opportunity to enforce the writ as This court would have required in Myers for a concurrent case He would have been appointed counsel and he could have counsel would have said to him plead guilty right away because you're about to commit another crime and otherwise it will Be used for sentencing enhancement. I still don't understand it counsel could have Brought him helped bring him over to federal court and addressed the federal court case first as So your argument is that the federal court case would have been addressed before he committed the second crime Yes or before he would have been convicted of that crime because that ultimately caused him to have a sentence that was Three years now and I understand your argument Is your argument that he wouldn't have committed the state crime or that he just would not have been sentenced pled guilty to it Before his federal sentencing both your honor The government had 18 months to pick him up before that After he was arrested on that case and he was presumed innocent of both charges the government had another year and change to actually and transfer him into federal custody and address the first case, which is the federal case first To the extent I have additional time. I'd like to reserve it. We took you into your rebuttal, but we'll give you two minutes Thank you Miss Simpson Good morning, may it please the court assistant United States Attorney Kelsey Stimpson on behalf of the government I'd like to start where my colleague left off on the issue of essentially prejudice due to sentencing Because I do think that is the most straightforward way to resolve the case is the lack of prejudice here Assuming prejudice to a defendant sentence is cognizable Which our 28g letter dipped into the Tenth Circuit case saying that it might not be cognizable under the speedy trial Right, assuming it is cognizable here. There's no causal link between defendants commission of a serious violent felony Assault with a deadly weapon and the sentencing the higher sentencing exposure He faced sorry, excuse me between the delay and the higher sentencing exposure. He faced I assume you're right for just for a moment Do we need to worry about actual prejudice if there's a presumption of prejudice Yes, and no your honor Give me both answers the Ninth Circuit's case law is a bit confusing on this point a presumption of prejudice does Begin to build when there is a showing that the government has been negligent for a period of time So there could be a case hypothetically where well, let's assume this is that hypothetical case Let's assume that the length was so long that under our case law. We presume prejudice Am I correct in thinking that under our case law? You don't need actual prejudice then where the Where the length of delay is so long that a very strong presumption of what I'm trying to figure out Is it is it a rebuttable presumption of prejudice? Is it our cases seem to say at some point? The delay is so long that we presume prejudice and we don't need to look for actual prejudice. Do you agree with that? Could I clarify your honor? No, tell me if you agree. You don't agree. If you don't agree. Tell me why with your phrasing No, I don't agree The language used is that a presumption begins to build at the one year ish mark, but at some point it passes An amount where it is now a presumption that alone justifies. Okay. Now you've fallen into my trap So, let me ask you how long is the delay here if it really is four years as your friend says That's pretty long The delay that matters for triggering the presumption is the delay that's attributable to government negligence Okay So tell me why not I don't see any of this attributable to the other side and you don't contend that it is So tell me why You could have arrested him on day one and you waited four years Why Isn't that all attributable to the government I don't think it was clear air that the overall arrest efforts were reasonably diligent in this case Statewide pandemic measures began two days after indictment That obviously affected the district court operations because the arrest warrant and indictment weren't even filed on the docket for ten days following Okay, so take those ten days off. We all know because we were here at the time. You were trying people and Charging them in the Central District of California and then judges were continuing cases Because they couldn't get a jury or there were some difficulties with counsel, but that's a trial delay That's not an arrest delay. So I'm not sure the Central District of California imposed on you any restraints in arresting did let me get to the heart of your question, which I think is how does kovat link up to the arrest effort delay Kovats linked the arrest effort delay begins with that first instruction from the US Marshals that the kovat Precautions the court was taking specifically with respect to the movement of arrestees and detainees because of course Arrestees have to make their initial appearance from a holding cell So they begin in a holding cell where they're booked by the marshals their fingerprinted They're interviewed by the court pretrial services and then they appear in court for their detention hearing initial appearance and arraignment That holding cell space was still under the quarantine measures that you see with throughout the record We're being implemented in local and federal institution jail facilities So that holding space became really compromised and I tell from this record how long That holding space was compromised US Marshal Gloria Hernandez Speaks to a severe bed shortage, which is referring to that housing space at a particular point in time though And what I'm trying to figure out was what was the duration of that of that? Limitation of space her declaration goes says that that time was through the end of the year So December 2020 and that in January 2021 things started to open up Okay, and the remind me the charges were filed March so you have nine months there that you think are not attributable to the government. Yes, your honor Okay, so now move forward from there from there You see diligent arrest efforts by the government multiple steps being taken and I want to caveat there that a consistent trend in this Court's case law in finding cases where the court has found a presumption of prejudice Justifying dismissal are cases where the government has really done. Nothing has almost effectively abandoned arrest efforts Contrary in comparison to that case you have a case where there are multiple rounds of surveillance being done because it was a complicated arrest This was a defendant that needed an SRT arrest Which is a high-risk arrest given his criminal history of domestic violence and assault with a deadly weapon and the high-risk nature of that arrest required the multiple rounds of surveillance Pulling in an SRT team the SRT team needs to do its own surveillance to confirm the findings of the initial surveillance And ensure that the defendants schedule is the same and that all the risk factors are there and then but then what about the time? He was in state custody. I mean you you you got you got a writ Sent it to the state. I mean, is it I guess first of all just a factual question. Is it a common? Experience for your office that you send a writ to the state and they just say we would prefer not to In my experience your honor Which granted is just as an a USA a single a USA when you have charges as serious And important to the state as attempted murder the state does try to prioritize those charges for its own resolution They they refuse to honor or writ for an appearance for somebody to be arraigned Yes, that's and and and what is the legal justification for that I Were a district judge I'd be mighty upset about that. I'm not sure their justification You go along but you apparently go along with it and internally they say, okay now we've papered the file well I to address a Question embedded in your question. I think is why does it matter because from the very beginning the Barker analysis asks Who's responsible for this delay? Your friend says and if he's got something of a point You had a valid federal writ and you and you let the and you let the local authorities dance you around in circles for Many months before they would honor it. It don't you have some obligation to go to them and say Some valid federal writ. I want him in the judge's court tomorrow to be arraigned and you can have him back right after we're not We don't want to keep him Doesn't the government have some obligation to do that? So after After the period of time where Some portion of the time that defendant was in state custody is due to the fact that he committed a crime Under Barker that's gonna weigh against him It wasn't the government's delay that caused him to commit a crime that put him in detention, right? But that's not but the delay isn't his being in state custody. The delay is You not getting him from state custody even though you As far as we can tell had the legal means of doing so because he would obtained a writ, right So assuming at some point during the time that he's in state custody And I will say a lot of times state cases do resolve at the preliminary hearing stage So I suspect I wasn't the a USA on the case at the time But I suspect at the early very beginning part of his state custody Time there was an anticipation that he would resolve it at the preliminary hearing stage Does the point the question is why didn't the government enforce the writ I'm not sure how the government could have enforced the writ here I could submit a 28-day letter looking into that But I do think it is understandable that the state rejected it because of the severity of the offense I never went back to the district judge and said judge we've got this writ and The state thinks they don't have to produce the guy. So bring the sheriff into court and tell him ABS corpus produced Produced our body. That's what we do all the time, isn't it? With the writ well, I think another part of this question is how does it interact with Myers? United States versus Myers seems similar on its face because you have parallel state and federal proceedings and my colleague cites to it as The order from this court that or the instruction from this court that the government should have compelled the state to hand over the defendant But I don't see Myers as as I see Myers as dissimilar because in Myers Both the federal and state case relied on and on crimes from the same factual event So there's a level of coordination going on between the federal and state governments Where you can see that the federal government is acquiescing in allowing the state to continuous prosecution And for that reason the government was required to justify acquiescing in that delay Here the federal government's offense is totally separate from the state offense and the federal government did not acquiesce in that delay But filed multiple writs following up on the writs trying to get the state to hand over the defendant and it wasn't until it was Clear it was futile because the state wasn't going to hand over. Mr Diaz-Gonzalez that we just monitored the case until we could read him over During all this time was was the fact that he had been indicted Public. I mean like if somebody had gone down to the courthouse and said, you know Can I look at the Diaz-Gonzalez case like what they've been able to see the indictment? Yes, your honor and defendant did have counsel whether defendant searched to see if Defendant had any other outstanding cases is not in the record. I want to go back to the earlier time period during the kovat pandemic error that I understand your argument to be the record shows that there were Some efforts to arrest put the defendant under surveillance In all fairness the record also shows quite a bit of incompetence or dropping the ball and so is your argument like as long as we're trying even if We're you know, just not respond not doing the things we're supposed to do sending over the warrant, you know responding to emails like Moving, you know Someone says get confirmation and then just nothing happens for months that that as long as there's sort of sporadic efforts. That's diligence Well, I Know your honor. I think every case needs to be viewed on its facts specifically I don't think that there's a general rule that as long as the government is doing something then it's enough I do think that cases where this court has found a presumption of prejudice have tended to be cases where it's clear that the government Just abandoned the arrest effort So I don't think it's similar to those cases I do recognize your honor's point that particularly with respect to the period that the government concedes was negligent The back-end period of delay that that period should weigh against the government It doesn't stop this court from affirming the district courts finding of overall negligence And I would refer this court to Alexander where it did the same thing Found a small portion of time was in fact negligent, but still affirmed the overall Diligence of those search efforts affirmed the district courts finding of overall diligence but the heart of your answer your honor is really that's why it's such a fact-intensive question is because the district court is Viewing the reasonableness of the entire portion of time within the context of how kovat was changing on a week-to-week week-to-week basis Unless your honors have any other further questions, thank you ask this court to affirm Mr. Alden Thank you. I have three additional points to make I'm happy to answer any of the court's questions first Assuming we're reviewing negligence for clear error The district courts ruling was clear error because it was contrary to binding precedent first as to the kovat pandemic This court's case Mendoza says that the government is required to either attempt to bring to trial or to notify someone of the indictment Regardless of whether or not there was bed space and we believe the record shows there was bed space at various times The government was prosecuting 1326 cases throughout this period but regardless The government could have booked And released mr. Diaz-Gonzalez they could have issued him a summons because they knew where he lived or they could have just sent him a letter notifying Him of the indictment anything like that would have been sufficient second with respect to the later state case The district courts findings on negligence were contrary to this court's decision in Myers and the Myers case says that a concurrent state case Is not alone does not alone justify delay the difficulty with that is that Myers is slightly different Because here they made Unsuccessful efforts to get your client produced with a writ Where in Myers they just said there's a state case going on. We'll just let it go Yes, right. And so It seems to me Myers doesn't really isn't really on point there Myers says that there are these factors that the court should consider when determining whether a state case caused delay Which one which case was first? Whether the charges are related and whether the government has shown administrative difficulties or safety concerns here. This case is is dissimilar as the court noted because The government had the capacity to order him transferred and they chose not to enforce it So it's different from an extradition case where we're working Under circumstances where the government doesn't have authority just to go get someone and here they did counsel. I let's say we assume Three four years of the delay is attributable to the government's negligence Do you have any casing under that that's enough to completely absolve? Relieve the defendant of any burden to show actual prejudice I mean the cases I read where we've said well, there's no presumption alone is enough Involve Even substantially more delay than that Yes, your honor the this court's case McNeely Addressed and said that there was no need for actual prejudice Although McNeely have also found quite a bit of actual print now is a 29 month delay the Reynolds case Which is unpublished held a 50 month delay Applied the presumption and then other circuits have repeatedly held that lesser delays also include the presumption of prejudice. There's a problem with the Terminology because there's the presumption that gets you to You know to the review and then there's the presumption that completely relieves the defendant of any prejudice actual prejudice showing so Where you're saying all those cases we just say there's no showing of actual prejudice required So McNeely and Reynolds are both addressing the fourth factor The other circuit cases that we've cited also are addressing the fourth factor Those are Ferreira from the 6th circuit 35 months, Arenas Luna from the 8th circuit 36 months Ingram from the 11th circuit two years post-indictment and about two years pre-indictment and then Battis from the 3rd circuit 35 months and so Those all should establish that the presumption would apply here Thank you very much, thank both counsel for their arguments and the case is submitted
judges: HURWITZ, MILLER, SUNG